UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JACQUELIN VAL,
Petitioner,
v.
JEREMY CASEY, Facility administrator at the Imperial Regional Detention Facility, et al.,
Respondents.

Case No.: 3:26-cv-05615-RBM-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Jacquelin Val's ("Petitioner") Verified Emergency Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Haiti, entered the United States on October 6, 2023 through the Haitian Humanitarian Parole Program. (*Id.* ¶ 2.) He was processed by the Department of Homeland Security and paroled into the country "on parole issued under 8 U.S.C. §1182(d)(5). (Doc. 4 at 2.) Petitioner resided in this country continuously after being released; during that time, he obtained an employment authorization document, married his wife, and along with his wife filed an I-130 petition and I-485 application to adjust his status to that of a lawful permanent resident. (Doc. 1 ¶ 2.) On August 13, 2026, Petitioner

was detained by ICE officers in Miami and was later transferred to Imperial Regional Detention Facility, where he remains. (*Id.* ¶¶ 4, 13.)

## II. <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. <u>DISCUSSION</u>

Petitioner argues that his detention violates 8 U.S.C. § 1182(d)(5)(A), 8 C.F.R. § 212.5(e), and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 43–64.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but concede that they "have insufficient information regarding termination of [Petitioner's] parole," "do[ ] not oppose the petition," and "defer[ ] to the Court on the appropriate relief." (Doc. 4 at 3–4.) In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **<u>GRANTS</u>** the Petition.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while

---

[1] *See Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4–7 (S.D. Cal. Nov. 13, 2025); *Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *2–3 (S.D. Cal. May 20, 2026); *Valente Fernandez v. Warden*, Case No.: 3:26-cv-03683-RBM-SBC, 2026 WL 2584991, at *3–4 (S.D. Cal. Sept. 1, 2026).

detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: October 20, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).